IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY<br><br>    Plaintiffs,<br><br>  v.<br><br>ACER, INCORPORATED; ACER<br>AMERICA CORPORATION,<br><br>    Defendants. | Civil Action No.: 2:07-CV-150 (TJW)<br><br>**JURY TRIAL DEMANDED** |

**HEWLETT-PACKARD COMPANY'S COMPLAINT FOR
PATENT INFRINGEMENT**

Plaintiff Hewlett-Packard Company hereby demands a jury trial and alleges as follows:

## PARTIES

1.      Plaintiff Hewlett-Packard Company is a corporation organized under the laws of the state of California with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

2.      On information and belief, Defendant Acer, Inc. is a corporation organized and existing under the laws of Taiwan with a principal place of business at Acer Incorporated, 8F, 88, Sec. 1, Hsin Tai Wu Rd., Hsichih, Taipei, Hsien 221, Taiwan, R.O.C.

3.      On information and belief, Acer, Inc. operates throughout the United States personally and through its wholly-owned subsidiary, Acer America Corporation, and transacts business in this judicial district, including the sale and offering for sale of its products.

4.      On information and belief, Defendant Acer America Corporation is a corporation organized and existing under the laws of the state of California and is a wholly-owned subsidiary of Acer, Inc.  Acer America Corporation's principal place of business is located at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110.

5.      On information and belief, Acer America Corporation operates throughout the United States and transacts business in this judicial district, including the sale and offering for sale of its products.

6.      In this complaint, Acer, Inc. and Acer America Corporation are collectively referred to as "Acer."

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action as provided for in 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*

- 1 -

8.      This Court has personal jurisdiction over Acer because Acer transacts business in this State and because Acer has sufficient minimum contacts with this State.

9.      Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as Acer conducts substantial business in this district and has committed and continues to commit acts of infringement in this district.

## PATENTS

10.     On February 10, 2004, United States Patent No. 6,691,236 ("the '236 patent") was duly and legally issued for an invention entitled "System For Altering Operation Of A Graphics Subsystem During Run-Time To Conserve Power Upon Detecting A Low Power Condition Or Lower Battery Charge Exists."  A true and correct copy of the '236 patent is attached as Exhibit A and incorporated herein by reference.

11.     On February 22, 2000, United States Patent No. 6,029,119 ("the '119 patent") was duly and legally issued for an invention entitled "Thermal Management Of Computers." A true and correct copy of the '119 patent is attached as Exhibit B and incorporated herein by reference.

12.     On October 4, 1994, United States Patent No. 5,353,415 ("the '415 patent") was duly and legally issued for an invention entitled "Method And Apparatus For Concurrency Of Bus Operations."  A true and correct copy of the '415 patent is attached as Exhibit C and incorporated herein by reference.

13.     On May 17, 2005, United States Patent No. 6,894,706 ("the '706 patent") was duly and legally issued for an invention entitled "Automatic Resolution Detection."  A true and correct copy of the '706 patent is attached as Exhibit D and incorporated herein by reference.

14.     On January 1, 2002, United States Patent No. 6,336,080 ("the '080 patent") was duly and legally issued for an invention entitled "Thermal Management Of Computers."  A true and correct copy of the '080 patent is attached as Exhibit E and incorporated herein by reference.

15.     The '236 patent, '119 patent, '415 patent, '706 patent, and '080 patent are collectively referred to herein as the "Asserted Patents."

### ACER'S INFRINGEMENT OF THE ASSERTED PATENTS

16.     The Asserted Patents generally relate to technologies incorporated in Acer-branded personal computers and digital display devices.

17.     On information and belief, Acer currently ranks as the world's number four branded personal computer vendor and is a supplier of personal computers, including desktops, notebooks, media centers, digital display devices and related products for home and business use. Acer markets and sells its products worldwide through its channel business partners and through various retail companies, both at retail outlet locations and through various retail outlets' websites.

18.     On information and belief, certain of Acer's desktop, notebook and media center computers and digital display devices are manufactured for Acer by third parties located in Asia.

### COUNT I

### (Infringement of the '236 Patent)

19.     HP incorporates by reference the allegations of paragraphs 1 through 18.

20.     HP is the assignee and owner of all right, title and interest in and to the '236 patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

21.     On information and belief, Acer has infringed and continues to infringe the '236 patent by making, using, offering for sale and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '236 patent, such

- 3 -

as personal computers, including notebooks, media centers and related products for home and business use.  On information and belief, Acer has also contributed to the infringement of the '236 patent, and/or actively induced others to infringe the '236 patent.

22.     On information and belief, Acer's infringement of the '236 patent has been willful.

23.     HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

24.     Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT II

### (Infringement of the '119 Patent)

25.     HP incorporates by reference the allegations of paragraphs 1 through 24.

26.     HP is the assignee and owner of all right, title and interest in and to the '119 patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

27.     On information and belief, Acer has infringed and continues to infringe the '119 patent by making, using, offering for sale and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '119 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use.  On information and belief, Acer has also contributed to the infringement of the '119 patent, and/or actively induced others to infringe the '119 patent.

28.     On information and belief, Acer's infringement of the '119 patent has been willful.

- 4 -

29.     HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

30.     Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT III

### (Infringement of the '415 Patent)

31.     HP incorporates by reference the allegations of paragraphs 1 through 30.

32.     HP is the assignee and owner of all right, title and interest in and to the '415 patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

33.     On information and belief, Acer has infringed and continues to infringe the '415 patent by making, using, offering for sale and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '415 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use.  On information and belief, Acer has also contributed to the infringement of the '415 patent, and/or actively induced others to infringe the '415 patent.

34.     On information and belief, Acer's infringement of the '415 patent has been willful.

35.     HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

36.     Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

SD\1733532.2
327492-126

## COUNT IV

### (Infringement of the '706 Patent)

37.     HP incorporates by reference the allegations of paragraphs 1 through 36.

38.     HP is the assignee and owner of all right, title and interest in and to the '706

patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

39.     On information and belief, Acer has infringed and continues to infringe the '706

patent by making, using, offering for sale and selling (directly or through intermediaries) in the

United States and/or importing into the United States products that infringe the '706 patent, such

as digital display devices (e.g., liquid crystal display monitors) and related products for home

and business use.  On information and belief, Acer has also contributed to the infringement of the

'706 patent, and/or actively induced others to infringe the '706 patent.

40.     On information and belief, Acer's infringement of the '706 patent has been

willful.

41.     HP is entitled to recover from Acer the damages sustained as a result of Acer's

wrongful acts in an amount to be proven at trial.

42.     Acer's infringement has caused irreparable harm to HP for which there is no

adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is

enjoined by this Court.

## COUNT V

### (Infringement of the '080 Patent)

43.     HP incorporates by reference the allegations of paragraphs 1 through 42.

44.     HP is the assignee and owner of all right, title and interest in and to the '080

patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

SD\1733532.2
327492-126

45.     On information and belief, Acer has infringed and continues to infringe the '080 patent by making, using, offering for sale and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '080 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use.  On information and belief, Acer has also contributed to the infringement of the '080 patent, and/or actively induced others to infringe the '080 patent.

46.     On information and belief, Acer's infringement of the '080 patent has been willful.

47.     HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

48.     Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

A.     That HP be adjudged the owner of the Asserted Patents and entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

B.     That Acer be adjudged to have infringed, induced infringement, and/or contributed to infringement of the Asserted Patents, and that such infringement was willful;

C.     That Acer, its officers, principals, agents, attorneys and employees, and all others acting under their direction and authority, and their successors and assigns, be enjoined by preliminary and/or permanent injunction from infringement, inducement of infringement, and contributory infringement of each of the Asserted Patents;

D.      That HP be awarded all damages adequate to compensate it for Acer's infringement of the Asserted Patents, such damages to be determined by a jury;

E.      That HP be awarded treble damages in view of Acer's willful infringement of the Asserted Patents;

F.      That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that HP be awarded the attorneys' fees, costs, and expenses that it incurs prosecuting this action;

G.      That HP be awarded prejudgment interest; and

H.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

HP demands a jury trial on all issues.

Dated:  April 19, 2007                          Respectfully submitted,

By:   _/s/ Charles Ainsworth____
            Charles Ainsworth
            Tx State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
charley@pbatyler.com

Danny Williams
Texas Bar No. 21518050
**WILLIAMS, MORGAN & AMERSON P.C.**
10333 Richmond Ave., Suite 1100
Houston, Texas 77042
Tel: (713) 934-4060
Fax: (713) 934-7011
danny@wmalaw.com

ATTORNEYS FOR PLAINTIFF
HEWLETT PACKARD COMPANY

- 8 -

OF COUNSEL:

John Allcock
Cal. State Bar No. 98895
Sean C. Cunningham
Cal. State Bar No. 174931
John D. Kinton
Cal. State Bar No. 203250
Brian M. Fogarty
Cal. State Bar No. 218792
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.2828
Fax: 619.699.2701
john.allcock@dlapiper.com

Andrew P. Valentine
Cal. State Bar No. 162094
Alan A. Limbach
Cal. State Bar No. 173059
Brent K. Yamashita
Cal. State Bar No. 206890
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
Tel: 650.833.2000
Fax: 650.833.2001